11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Todd Allen Gilley                      

Appellant

Vs.                   No.
11-01-00344-CR B Appeal from Dallas County

State of Texas

Appellee

 

Appellant
was convicted of felony DWI at a bench trial. 
TEX. PENAL CODE ANN. '' 49.04 & 49.09 (Vernon 2003). The trial court sentenced appellant
to five years in the state penitentiary, probated for five years, and a $2,500
fine.  TEX. PENAL CODE ANN. ' 12.34 (Vernon 2003).  Appellant presents three points of error
in this appeal.  First, appellant argues
that the trial court erred in denying his motion to suppress evidence.  Next, appellant contends that the evidence
is factually and legally insufficient to sustain the conviction.  We affirm.

Background
Facts

Jeffery
Allen Butts was driving home from his parents= house when he observed appellant=s vehicle swerve and nearly collide with his car.  Butts followed appellant and noticed that
appellant crossed traffic lanes, straddled the right lane markers, and Abrush[ed]@ a curb once.  Butts called the
Rowlett Police Department on his cell phone and reported a possible drunk
driver.  He identified the vehicle by
the make, model, color, and license plate. 
Officer Darren Dailey responded to the call, identified the vehicle from
the description, and began following appellant.  Officer Dailey noted that appellant was having a hard time
keeping in his lane and nearly struck the curb a couple of times.  Officer Dailey pulled appellant over and
subsequently arrested him.  The police
dispatcher maintained contact with Butts and requested that Butts continue to
follow appellant and the officer.  Butts
complied and stopped behind Officer Dailey when Officer Dailey performed the
traffic stop on appellant. 

Motion
to Suppress

In his
first point of error, appellant claims that the police did not have reasonable
suspicion to warrant the traffic stop. 
In reviewing a trial court=s ruling on a motion to suppress, appellate courts give great deference
to the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman v. State, 955 S.W.2d 85
(Tex.Cr.App.1997).   We must afford the
same amount of deference to the trial court=s rulings on Amixed
questions of law and fact,@ such as the issue of probable cause, if the resolution of those
ultimate questions turns on an evaluation of credibility and demeanor of the
witnesses.  Guzman v. State, supra at
89.  Appellate courts, however, review
de novo Amixed questions of law and fact@ not falling within the previous
category.  Guzman v. State, supra.   When faced with a mixed question of law and
fact, the critical question under Guzman is whether the ruling Aturns@ on an evaluation of credibility and demeanor.  Loserth v. State, 963 S.W.2d 770, 773
(Tex.Cr.App.1998).   A question Aturns@ on an evaluation of credibility and demeanor when the testimony of one
or more witnesses, if believed, is enough to decide the substantive issue.  Loserth v. State, supra.  We must view the record in the light most favorable
to the trial court=s
ruling and sustain the trial court=s ruling if it is reasonably correct on any theory of law applicable to
the case.  Guzman v. State, supra.  

A police
officer may stop and briefly detain persons suspected of criminal activity if
the officer possesses a Areasonable suspicion@ to justify the investigative detention.  Terry v. Ohio, 392 U.S. 1 (1968); Davis v. State, 947 S.W.2d 240,
244 (Tex.Cr.App.1997).  In determining
the reasonableness of the investigative stop, we examine the totality of the
circumstances.  Woods v. State, 956
S.W.2d 33, 38 (Tex.Cr.App.1997).  We
look to the facts available to the officer at the time of the stop to determine
if a reasonable suspicion existed. 
Davis v. State, supra at 243. 
Reasonable suspicion exists if the officer possesses specific,
articulable facts that, when combined with rational inferences from those
facts, would lead him to reasonably suspect that the driver of the vehicle has
committed a violation.  Garcia v. State,
43 S.W.3d 527, 530 (Tex.Cr.App 2001); Woods v. State, supra at 35-38.








Officer
Dailey responded to a call made by Butts of a possible drunk driver.  The vehicle was identified by the make,
model, color, and license plate. 
Officer Daily testified that he located the vehicle about five minutes
after receiving the call.  He followed
the vehicle and made several observations that leant credence to Butts=s report, including having difficulty keeping
a lane and nearly hitting a curb. 
Appellant failed to respond to Officer Dailey=s emergency lights, and Officer Dailey had to
turn on his siren before appellant stopped. 
See Gilbert v. State, 874 S.W.2d 290, 295 (Tex.App. B Houston [1st Dist.] 1994, pet=n ref=d).  Accordingly, Officer Dailey
possessed a reasonable, articulable basis for suspecting that appellant was
driving while intoxicated and was justified in detaining him to investigate
this suspicion.  Appellant=s first point is overruled. 

Sufficiency
of the Evidence

In
appellant=s second and third points, he contends that
the evidence is legally and factually insufficient to support his
conviction.  In order to determine if
the evidence is legally sufficient, we review all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S.
307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is
factually sufficient, we review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak as to render the
conviction clearly wrong and manifestly unjust or whether the evidence
supporting guilt, although adequate when taken alone, is so greatly outweighed
by the overwhelming weight of contrary evidence as to render the conviction
clearly wrong and manifestly unjust. 
Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v.
State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v.
State, 922 S.W.2d 126 (Tex.Cr.App.1996). 









Officer
Dailey testified that he observed appellant struggling to keep the vehicle in
one lane and that the vehicle nearly hit a curb.  Officer Dailey also testified that appellant failed to respond
when Officer Dailey activated his patrol car=s emergency lights and that appellant did not immediately pull over in
response to the siren.  Butts confirmed
that appellant did not immediately pull over after the police signaled
appellant to do so.  Appellant appeared
confused and had difficulty locating his driver=s license and insurance card. There was an open can of beer on the
driver=s side floorboard, and the truck=s interior smelled of alcohol.  Appellant admitted to Officer Dailey that he
had had three or four beers that night. 
Officer Dailey administered three field sobriety tests to appellant.  The first test was not admitted during
trial.  Appellant then passed the
one-legged stand test, but exhibited two clues of intoxication on the
walk-and-turn test.  At the police
station, appellant refused to submit to a breath test.  When the evidence is viewed in the light
most favorable to the verdict, a rational finder of fact could have found that
appellant was intoxicated.  We hold that
the evidence is legally sufficient.  The
third point of error is overruled.

Appellant
offered testimony that the pickup he was driving was 20 years old and had been
driven 400,000 miles.  As a result of
this age and use, the steering was not as tight as the steering on a newer
vehicle, and this contributed to the vehicle weaving on the road.  Appellant also brought out in
cross-examination of Officer Dailey that, when appellant failed the
walk-and-turn test, it was possible that, while appellant=s feet did not touch heel-to-toe as mandated
by the test, they may have been within the one-half inch allowed by the
test.  Also, appellant contends that he
did not appear intoxicated on the videotape. 
However,
the fact finder is the sole judge of the credibility of the witnesses and the
weight to be given their testimony. 
Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App.1992). The fact finder
may choose to believe or disbelieve all or any part of any witness=s
testimony.  Sharp v. State, 707 S.W.2d
611, 614 (Tex.Cr.App.1986), cert. den=d, 488 U.S. 872
(1988).  In balancing the evidence, the conviction is
not clearly wrong and manifestly unjust. 
The evidence is also factually sufficient.  Appellant=s second point is overruled.

This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

March 13, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Wright, J., and

McCall, J., and Dickenson S.J.[1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.